DECISION
This case is before the Court on Plaintiff's claim for damages pursuant to the Criminal Injuries Compensation Act, R.I.G.L. 12-25-1 et seq., hereinafter referred to as The Act.
During the early morning hours of July 2, 1988, the North Providence Police Department received a call regarding noises in the area of Woonasquatucket Avenue. As the officer approached the scene, he found the alleged assailant standing next to a motor vehicle. In scanning the area with his flashlight, the officer discovered the Plaintiff, Jeffrey Hawkins, up to his neck in the nearby water. It was only then that Hawkins requested help from the officer.
Hawkins claimed that the alleged assailant had picked him up earlier and taken him to this secluded area and assaulted him with an aluminum baseball bat. Police recovered the bat, placed the alleged assailant under arrest, and called for a rescue to transport Hawkins to Rhode Island Hospital.
At the hospital, Hawkins was treated and admitted and remained in the hospital for the next twelve days. According to the medical reports submitted by the Plaintiff, he was far from a model patient during his stay and even had been spoken to by his doctor regarding the use of alcohol in his hospital room.
He was no more cooperative with the North Providence Police or the Office of the Attorney General. Plaintiff refused to sign a release allowing the police to see his medical records in order to allow them to prepare a case of attempted murder against his alleged assailant. After his discharge from the hospital, he sought to drop charges that were being prepared by the police for the Attorney General. In so doing, he signed a release for the North Providence Police freeing them from any claims he may have against them. Plaintiff also appeared at the Attorney General's office and stated that he wanted all charges in the case dropped because nothing, in fact, occurred on the day in question.
On March 1, 1990, Plaintiff filed the instant action in Superior Court claiming that he had been a victim of a violent and malicious assault. Because of his earlier recantation of his statements, the State of Rhode Island refused to settle the matter and it was passed for a hearing.
At the hearing, Plaintiff claimed that he requested that all charges be dropped because he had been threatened by the alleged assailant. He claimed that he received numerous phone calls from his assailant threatening him with bodily harm and also telling him that his house would be burned down. No evidence was ever presented that any such threats were ever reported to any law enforcement agency.
Plaintiff offered no explanation as to why he not only failed to report the threats to the police but also why his fear seems to have disappeared with the filing of this complaint. In filing the instant case, Plaintiff had to, and indeed did, serve the alleged assailant with a copy of the complaint and did inform him that he could be liable to reimburse the fund for money awarded up to twenty-five thousand dollars ($25,000).
The requirement that the perpetrator of a crime be given notice of the action and be allowed to intervene in his own defense is central to the issue before the court in this matter. Section 12-25-10(a) states that:
 Whenever any person is convicted of an offense and a judgment or order approving a settlement for the payment of compensation is or has been entered under this chapter for a personal injury or death resulting from the act constituting such offense, the state of Rhode Island may institute an action against that person for the recovery of the whole or any specified part of the compensation in the superior court of the state of Rhode Island in any county, or in the state or federal court of any other state or district in which that person resides or is found.
The legislative intent in this matter is clear. Any person who injures another should be required to reimburse the fund for the compensation paid as a result of his wrongdoing. However, before this can happen, a conviction must result. In the instant case, the Plaintiff did everything in his power to prevent an alleged assailant from being held responsible. If Plaintiff collects from the fund, the state would be prevented from ever recovering any funds because no charges were ever brought.
Furthermore, Section 12-25-6(a) states in pertinent part that:
 Actions for compensation under this chapter shall be commenced within three (3) years after the date of the personal injury or death; and no such compensation shall be awarded for an injury or death resulting from a crime which was not reported to the appropriate law enforcement authority within ten (10) days of its occurrence: . . .
It appears clear that one thing the above-referenced section is intended to do is protect the fund from fraud. Victims are required not only to file a claim against the fund but also to report the crime to law enforcement in a timely manner. In requiring this, the General Assembly has sought to ensure that perpetrators are brought to justice. Also, since falsely reporting a crime is in and of itself criminal conduct, this section protects the fund from fraudulent claims. However, this provision would be defeated if a person could report a crime within the required ten days and then later withdraw that complaint. In effect, this would allow a person to collect while impeding the administration of justice.
After reviewing the Act, considering the testimony at the hearing, and reviewing the exhibits, this court holds that Plaintiff Jeffrey Hawkins has not complied with the provisions of the Act. By withdrawing the complaint, denying to the Attorney General's Department that any crime was committed, and failing to cooperate with law enforcement authorities, Plaintiff is barred from recovery under the Act. Plaintiff's testimony was unconvincing regarding the events of July 2, 1988. He had insisted earlier to the North Providence Police and the Attorney General that no crime was committed. This court now holds him to his story.
Case is dismissed without compensation being granted. Counsel for the General Treasurer will prepare an order in accordance with this decision.